FILED

MAR 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

08 - 1 5 2

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware | |
|---|---|---|
| Name (under which you were convicted):<br><br>Jamie S. Dixon | | Docket or Case No.:<br>0 8 - 5 2 |
| Place of Confinement: Delaware Correctional Center<br><br>1181 Paddock Road Smyrna, DE 19977 | Prisoner No.: 00219854 | |
| Petitioner (include the name under which you were convicted)<br><br>Jamie R. Dixon | Respondent (authorized person having custody of petitioner)<br><br>v. Delaware Correctional Center | |
| The Attorney General of the State of Joseph R. Biden, III | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Sussex County Superior Court

    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know): May 25, 2007

    (b) Date of sentencing: May 25, 2007

3.  Length of sentence: Natural Life plus 24 years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    Rape 1st, Natural life; VOP Robbery 1st, 10 yrs
    Robbery 1st, 5 yrs        VOP - Assault 2nd, 1 yr
    Assault 2nd, Habitual 8 yrs

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☑ (2)  Guilty           ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Sussex County Superior Court

(b) Docket or case number (if you know): 0C0900 2845

(c) Result: Denied

(d) Date of result (if you know): Sept. 14 2007

(e) Citation to the case (if you know):

(f) Grounds raised: How could two judges be on my case that were never on any of my past cases. Rape 1st 15min yrs.-life was my first charge as an adult which I should've gotten the min. 15 yrs not Natural life.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of Delaware

(2) Docket or case number (if you know): 550, 2007

(3) Result: Affirmed

(4) Date of result (if you know): Jan. 25, 2007

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Sussex County Superior Court

(2) Docket or case number (if you know): 0609002845

(3) Date of filing (if you know): July 23, 2007

(4) Nature of the proceeding: Rule 61

(5) Grounds raised: 1) How could one Judge accpect my plea while another
Sentence me on my charges. Why I didn't get the 15yrs min.
on the Rape 1st

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❐   Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: How can one Judge accepect my plea while another Judge

sentence me.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: I did not file a direct appeal
because I was never told about a direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 Post-Conviction

Name and location of the court where the motion or petition was filed: Sussex County Superior Court

Docket or case number (if you know): 0609002845

Date of the court's decision: Sept. 14, 2007

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 550, 2007

Date of the court's decision: Jan. 25, 2007

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Rape 1st I was gaven a Natural Life sentence instead
of the 15yrs min.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Same as the 1st direct appeal

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 Post-Conviction

Name and location of the court where the motion or petition was filed:

Sussex County Superior Court

Docket or case number (if you know): 0609002845

Date of the court's decision: Sept. 14, 2007

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Sussex County Superior Court

Docket or case number (if you know): OLO9 002 845

Date of the court's decision: Sept. 14, 2007

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
        have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Habitual offender how could I be sentenced on the Habitual when
I never did these programs to rehabilitation
Key, Crest, Greentree, Gateway

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 Post-Conviction

Name and location of the court where the motion or petition was filed:

Sussex County Superior Court

Docket or case number (if you know): 0609002845

Date of the court's decision: Sept. 14, 2007

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?                         ☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Sussex County Superior Court

Docket or case number (if you know): 0609002845

Date of the court's decision: Sept. 14, 2007

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                              ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?                                        ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
          have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☑ Yes    ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☑ Yes    ☐ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available. Delaware Supreme Court 550,2007, Rule 61 was
Denied

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☑ Yes    ☐ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised. Delaware Supreme Court, 550,2007    Denied of my Rule 61 Post-Connect
ion

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing: N/A

        (b) At arraignment and plea: Jack Hodge, on my Plea Ms.Carol S. Dunn

        (c) At trial: N/A

        (d) At sentencing: Carol J. Dunn

        (e) On appeal: Pro'se

        (f) In any post-conviction proceeding: Pro'se

        (g) On appeal from any ruling against you in a post-conviction proceeding:

17. .   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?          ☐  Yes      ☒  No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        (b) Give the date the other sentence was imposed: May 25, 2007

        (c) Give the length of the other sentence:

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?                ☒  Yes      ☐  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  3/10/08          (month, date, year).

Executed (signed) on   3/10/08         (date).

*Jamie S. Dunn*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

September 14, 2007

Jamie S. Dixon
SBI# 00219854
SCI
P.O. Box 500
Georgetown, DE 19947

RE: State v. Jamie S. Dixon, Def. ID# 0609002845

Date Submitted: September 10, 2007

Dear Mr. Dixon:

Pending before the Court is a motion for postconviction relief which defendant Jamie S.

Dixon ("defendant") has filed pursuant to Superior Court Criminal Rule 61 ("R. 61"). This is my

decision denying the motion.

On or about September 5, 2006, defendant was arrested for various crimes he committed

when he raped the clerk of a convenience store he robbed on or about September 3, 2006.

Thereafter, the Grand Jury indicted defendant on charges of rape in the first degree, robbery in

the first degree, assault in the first degree, and kidnapping in the first degree.

On April 4, 2007, defendant pled guilty to the charges of rape in the first degree; robbery

in the first degree; and assault in the second degree, causing physical injury to a person who is 62

years of age or older. The assault in the second degree was a lesser-included offense of the

1

original charge of assault in the first degree. The Judge taking the plea was The Honorable E. Scott Bradley. It was not The Honorable T. Henley Graves, as defendant alleges in his postconviction motion.

The plea agreement, which defendant signed, set forth the terms and conditions of the plea and the potential sentences on each charge. It specified as follows. The sentence for rape in the first degree was 15 years to life; that for robbery in the first degree was five to 25 years, and the first five years was a minimum mandatory; and that for assault in the second degree was eight years to life. It was noted as follows underneath the assault second information: "State agrees to file HO motion only as to assault offense. As a § 4201(c) violent felony 8 YR MAX = MIN". As was made clear from the plea colloquy, the abbreviation "HO" stands for habitual offender. The plea agreement also indicated that defendant would be sentenced after a presentence investigation took place and a report was prepared.

In the Truth-In-Sentencing Guilty Plea Form ("TIS Form"), which defendant signed, the following information appears:

| OFFENSE | STATUTORY PENALTY | TIS GUIDELINE |
|---|---|---|
| Rape 1st | 15 yrs. min. - Life | 15 yrs. min. |
| Robbery 1st | 5 yrs. min. - 25 | 5 yrs. min. |
| Assault 2d (lio) §612(a)(5) [0-8 yrs.] If Habit. Off. 8 yrs. min. - Life | | 8 yrs. min (HO) |

In the section asking if he understands there is a minimum mandatory penalty, he responded, "Yes", and the minimum mandatory set forth was : "15 (Rape) + 5(Robb.) + 8 if Habit. Off."

2

Defendant answered, "Yes", to the following:

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:

(1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;

(2) to a **speedy and public trial**;

(3) to **trial by jury**;

(4) to **hear and question the witnesses** against you;

(5) to **present evidence** in your defense;

(6) to **testify** or not testify yourself; and,

(7) to **appeal** to a higher court?

Defendant affirmed in the TIS Form that he was satisfied with his lawyer's representation

of him, that he was satisfied that his lawyer had fully advised him of his rights and his guilty

plea, that he had read and understood all the information contained in the form, and that he freely

and voluntarily had decided to enter the plea. He answered, "No" to the question of whether

anyone had promised him what he sentence would be.

Pertinent portions of the plea colloquy are set forth below:

MS. DUNN: ***

He is pleading guilty to Count 1, rape in the first degree. He realizes that this is, at least, a 15-year minimum mandatory up to life on that. He is entering a guilty plea on robbery in the first degree and because of a prior, there is at least a five-year minimum on that, up to 25 years. He is entering a plea of guilty to the reduced charge of assault in the second degree. The State has indicated its intent to come forward before sentencing with a habitual offender motion under Subsection A and applying it to the assault second degree charge. So Mr. Dixon does realize that this Court could sentence him anywhere between the minimum of 28 years up to life and that we will go forward with a PSI then in this case.

***

THE COURT: I understand you have decided to plead guilty to the charges of rape in the first degree, robbery in the first degree, and assault in the second degree; is that correct?

THE DEFENDANT: Yes.

3

THE COURT: Do you understand the nature of each of those offenses?

THE DEFENDANT: Yes.

THE COURT: Do you understand the maximum penalties you face for each offense?

THE DEFENDANT: Yes.

THE COURT: Do you understand the minimum periods of incarceration you face on the rape first and robbery first?

THE DEFENDANT: Yes.

THE COURT: Do you understand the minimum periods of incarceration you face on the assault second if you are determined to be an habitual offender?

THE DEFENDANT: Yes.

THE COURT: Do you understand the maximum you face on that?

THE DEFENDANT: Yes.

THE COURT: That would take it up to life; do you understand that, Mr. Dixon?

THE DEFENDANT: Yes.

THE COURT: Did you discuss with Ms. Dunn the seven rights on this form, the seven rights in bold print?

THE DEFENDANT: Yes.

THE COURT: Do you understand those rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand by pleading guilty you are waiving those rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand there will not be a trial now?

4

THE DEFENDANT: Yes.

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No.

THE COURT: Has anybody promised you anything in exchange for this plea?

THE DEFENDANT: No.

\*\*\*

THE COURT: Are you satisfied with your attorney's representation of you?

THE DEFENDANT: Yes.

THE COURT: Are you certain this is how you want to resolve the charges against you?

THE DEFENDANT: Yes.

On April 4, 2007, the State of Delaware ("the State") filed a motion to declare defendant an habitual offender. A presentence investigation report was undertaken and a report was prepared. On May 25, 2007, The Honorable Richard F. Stokes sentenced defendant.

At the time of sentencing, defendant's trial attorney represented that defendant understood the sentencing range, which included that for an habitual offender determination on the assault second conviction. It was clarified that defendant acknowledged the three prior felony convictions set forth in the motion to declare him an habitual offender and he understood the absolute minimum sentence he was facing was 28 years but he understood he was facing a life sentence. The Court declared him to be an habitual offender. The Court found aggravating circumstances existed and for those reasons departed from the presumptive sentence. The Court sentenced him as follows. As to the rape in the first degree, he was sentenced to Level 5 for the

5

balance of his natural life, with the first 15 years being mandatory. As to the robbery in the first degree, he was sentenced to five years at Level 5, with the five years being mandatory. As to the assault in the second degree, he was sentenced to eight years at Level 5, followed by six months of Level 4 Work Release, which was imposed pursuant to 11 Del. C. § 4204(l).

Defendant did not appeal therefrom. On July 23, 2007, he filed a motion for postconviction relief. In that motion, he asserts the following grounds as providing him relief.

First, he erroneously maintains that Judge Graves took his plea. It was Judge Bradley who took his plea. He questions how Judge Stokes could have sentenced him when another Judge took his plea. Even though he acknowledges the plea agreement indicated the sentencing range was 28 years to life, he then argues he would not have taken the plea if he had realized he would have received life, rather than the minimum 15 years, on the rape first conviction.

His second argument is not particularly clear.[1] It appears he is arguing he should not have been declared an habitual offender because he was not previously warned that commission of further offenses could result in such a declaration and because he was not provided a chance for rehabilitation.

Finally, he argues trial counsel was ineffective because she did not inform him of any rights of due process and that the Judge "would not go with the accepted plea".

## DISCUSSION

The first step this Court takes is to determine if the claims defendant advances in this Rule 61 motion may proceed or if they are procedurally barred. In the version of Rule 61(i) which

---

[1] He states: "This is my first time every begin told about the habitual so how can you be decleared and sentenced as an Habitual with no prior treatment."

6

applies to defendant's case, it is provided as follows:

> *Bars to relief.* (1) Time limitation. A motion for postconviction relief may not
> be filed more than one year after the judgment of conviction is final or, if it
> asserts a retroactively applicable right that is newly recognized after the judgment
> of conviction is final, more than one year after the right is first recognized by the
> Supreme Court of Delaware or by the United States Supreme Court.
> (2) Repetitive motion. Any ground for relief that was not asserted in a prior
> postconviction proceeding, as required by subdivision (b)(2) of this rule, is
> thereafter barred, unless consideration of the claim in warranted in the interest of
> justice.
> (3) Procedural default. Any ground for relief that was not asserted in the
> proceedings leading to the judgment of conviction, as required by the rules of this
> court, is thereafter barred, unless the movant shows
> (A) Cause for relief from the procedural default and
> (B) Prejudice from violation of the movant's rights.
> (4) Former adjudication. Any ground for relief that was formerly adjudicated,
> whether in the proceedings leading to the judgment of conviction, in an appeal, in
> a postconviction proceeding, or in a federal habeas corpus proceeding, is
> thereafter barred, unless reconsideration of the claim is warranted in the interest of
> justice.
> (5) Bars inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this
> subdivision shall not apply to a claim that the court lacked jurisdiction or to a
> colorable claim that there was a miscarriage of justice because of a constitutional
> violation that undermined the fundamental legality, reliability, integrity or fairness
> of the proceedings leading to the judgment of conviction.

Defendant's motion is timely filed. Super. Ct. Crim. R. 61(i)(1).

Defendant's argument that the habitual offender statute should not have applied to him

because he did not have prior notice it might apply and was not given treatment is procedurally

barred pursuant to R. 61(i)(3). Defendant should have raised this issue on appeal and did not. He

has not shown that an exception to the procedural bar exists. However, even if he did overcome

the procedural bar, he would not have been successful on this ground. The law does not require

that defendants have prior notice that any subsequent conviction will result in being deemed an

habitual offender down the road. Eaddy v. State, Del. Supr., No. 440, 1995, Walsh, J. (May 30,

7

1996) at 3-4. However, there is a requirement that a defendant be given some chance for

rehabilitation after each sentencing on the three separate convictions. Shockley v. State, Del.

Supr., No. 600, 2003, Berger, J. (April 21, 2004) at 12. As the Supreme Court further explained

at Eaddy v. State, supra at 4:

> Although a defendant must have been given "some chance for rehabilitation"
> before he may be sentenced as an habitual offender, ... [the Supreme] Court has
> held that "some chance for rehabilitation" means only that some period of time
> must have elapsed between sentencing on an earlier conviction and the
> commission for the offense resulting in the later felony conviction. [Citation
> omitted].

The habitual offender motion and a review of defendant's criminal history contained in his

Presentence Investigation Report shows periods of time elapsed between sentencings on

defendant's earlier convictions and the commission of subsequent offenses. Thus, he was given

the required chances for rehabilitation.

For the foregoing reasons, this ground fails.

In ground one, defendant maintains the same Judge who took his plea should have

sentenced him. He, however, names the incorrect Judge who took his plea. Without examining

the procedural bars, I dismiss this claim as meritless.

Defendant also argues in ground one that he would not have taken the plea if he had

realized he would have been given a life term on the rape in the first degree conviction. This

claim is procedurally barred pursuant to R. 61(i)(3) and defendant has not made any attempt to

overcome the procedural bar. Defendant, however, takes a second opportunity to advance this

ground by asserting it within the context of the ineffective assistance of counsel claim contained

in ground three. He argues that trial counsel was ineffective because she did not tell him that the

8

sentencing judge would not go with the "accepted plea".

As the Supreme Court recently explained in Cannon v. State, Del. Supr., No. 20, 2007, Steele, J. (Aug. 2, 2007) at 2: "In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must demonstrate that, but for counsel's unprofessional errors, he would not have pleaded guilty, but would have insisted on proceeding to trial."

In this case, defendant is arguing that there was an agreement limiting the time to be imposed on the rape in the first degree conviction to 15 years and that trial counsel did not tell him he was facing a life term on that conviction. The transcript of defendant's guilty plea, the TIS Form, and the plea agreement undermine this contention. Defendant clarified that he understood the maximum sentence he was facing for each conviction and that he had not been promised a definite sentence. "In the absence of clear and convincing evidence to the contrary, ... [defendant] is bound by the representations he made during his guilty plea colloquy. [Footnote and citation omitted]." Id. at 3. Thus, this claim is meritless.

## CONCLUSION

For the reasons stated above, defendant's motion for postconviction relief is denied.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Adam D. Gelof, Esquire
    Carol J. Dunn, Esquire

9



UNITED STATES POSTAGE

$ 01.48°
MAR. 15 2008
MAILED FROM ZIP CODE 19977



United States District Court of Delaware
Clerk of the Court
844 North King Street
Wilmington DE 19801

I/M: Acossa Dixon ___ UNIT: W ___ FALL Q
SBI# 263854
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977