IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMIE S. DIXON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-152-SLR |
| | ) |
| PERRY PHELPS, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

James S. Dixon.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

April  /5  , 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Jamie S. Dixon's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2006, petitioner forcibly raped a 72 year old female convenience store clerk, ordered her to empty the store register, and then fled with the money. The next day, another employee from the convenience store saw a picture of the rapist on the news that was taken from the store's security camera, and identified the man as petitioner. A friend of petitioner's family also identified petitioner as the man on the tape. (D.I. 12)

On September 5, 2006, the chief officer investigating the convenience store robbery and rape was informed that petitioner had been arrested on charges of criminal impersonation and was being processed at the Laurel Police Department. The officer reported to the Laurel police station and asked petitioner if he was willing to speak with him. Petitioner agreed, waived his rights against self-incrimination, and confessed to the crimes. Thereafter, the grand jury indicted petitioner on charges of first degree rape, first degree robbery, first degree assault, and first degree kidnaping. *See State v. Dixon*, 2007 WL 2694395 (Del. Super. Ct. Sept. 14, 2007).

In April 2007, petitioner pled guilty to first degree rape, first degree robbery, and second degree assault (lesser included offense of first degree assault). *Id.* Pursuant to

the State's motion, the Superior Court declared petitioner a habitual offender in connection with his assault conviction. Thereafter, the Superior Court sentenced petitioner to Level V for the balance of his natural life on the rape conviction, with the first fifteen years being mandatory; to five years at Level V on the first degree robbery conviction, with the first five years being mandatory; and to eight years at Level V, followed by six months of Level IV work release, on the second degree assault conviction. *Id.* at *3. Petitioner did not appeal his convictions or sentences.

In July 2007, petitioner filed in the Superior Court a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion in September 2007, and the Delaware Supreme Court affirmed that decision in February 2008. *Id.*; *Dixon v. State*, 2008 WL 342755 (Del. Feb. 7, 2008).

Petitioner filed the instant habeas application in this court in January 2008. (D.I. 2) The State filed an answer, arguing that the court should deny the application as procedurally barred from federal habeas review. (D.I. 12)

### III. GOVERNING LEGAL PRINCIPLES

#### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure

that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and

3

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner asserts three grounds for relief in his application:[1] (1) the same judge who accepted his guilty plea should also have sentenced him; (2) he would not have entered a guilty plea if he knew that he was going to be sentenced to life imprisonment rather than the minimum mandatory fifteen years for the rape conviction; and (3) the

---

[1] Petitioner cursorily asserts the three claims in his application by using one sentence for each. However, petitioner has attached to his habeas application a copy of the Delaware Superior Court's letter opinion denying his Rule 61 motion, which provides additional information with respect to each claim. Therefore, the court has referred to the Superior Court's opinion in order to summarize petitioner's arguments.

Superior Court erred in declaring him a habitual offender because he was not provided an opportunity to participate in rehabilitation programs such as the Key Program, Crest, and Gateway. (D.I. 2)

Petitioner presented all three claims to the Delaware Superior Court during his Rule 61 proceeding, but he did not present them to the Delaware Supreme Court on post-conviction appeal. Despite petitioner's failure to explicitly assert claims one and three on post-conviction appeal, the Delaware Supreme Court considered the claims and ultimately denied them as procedurally defaulted under Rule 61(i)(3), but the State Supreme Court did not consider claim two during petitioner's post-conviction appeal. Therefore, the court concludes that claims one and three are exhausted, but claim two is unexhausted.

At this juncture, Delaware court rules would bar petitioner from obtaining further review of claim two in the Delaware State Courts.[2] As a result, the court must treat the claim as exhausted but procedurally defaulted, thereby precluding the court from reviewing claim two on its merits absent a showing of cause and prejudice, or a miscarriage of justice.

As for claims one and three, this court has consistently held that a dismissal pursuant to Delaware Superior Court Criminal Rule 61(i)(3) constitutes a procedural

---

[2]For example, any attempt by petitioner to raise claim two in a new Rule 61 motion would be barred as untimely under Rule 61(i)(1), as repetitive under Rule 61(i)(2), and as procedurally defaulted under Rule 61(i)(3). *See Righter v. Snyder*, 2002 WL 63802, at *4 (D. Del. Jan. 17, 2002); *Folks v. Phelps*, 2009 WL 498008 (D. Del. Feb. 26, 2009)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior post-conviction proceeding, unless reconsideration is warranted in the interest of justice); *Bright v. Snyder*, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule 61(i)(3)).

default under the independent and adequate state procedural rule doctrine. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). By denying claims one and three under Rule 61, the Delaware Supreme Court plainly stated that its decision rested on state law grounds. *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). Therefore, the court concludes that claims one and three are procedurally defaulted which, in turn, precludes the court from reviewing the claims on the merits absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner appears to blame counsel for his failure to raise all three claims on direct appeal, stating that he was "never told about a direct appeal." (D.I. 2, at p. 7) Petitioner never presented an ineffective assistance of counsel claim based on counsel's failure to inform him of his appellate rights in his state collateral proceeding or in his subsequent post-conviction appeal. Consequently, this ineffective assistance of counsel allegation is itself procedurally defaulted,[3] and cannot excuse petitioner's procedural default of claims one, two, and three. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).

In the absence of cause, the court will not address the issue of prejudice. Moreover, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the court will dismiss the application in its entirety as procedurally barred.

---

[3] *See* Del. Super. Ct. Crim. Rule 61(i)(2).

6

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit L.A.R. 22.2 (2008). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.